### SPENCER et al. v. PARKER GRAVEL CO., Inc.

### No. 5240.

District Court, W. D. Louisiana, Shreveport Division.

Nov. 15, 1934.

J. M. Grimmet, of Shreveport, La., referee in bankruptcy.

Cook & Cook and C. D. Egan, all of Shreveport, La., for stenographer Mrs. Corrye Jordan.

Dhu Thompson, of Monroe, La., for plaintiffs.

DAWKINS, District Judge.

In the above-numbered cause the referee has under consideration an involuntary petition to adjudge the defendant a bankrupt; the same having been referred to him as special master. He has submitted to the court the question of whether or not the plaintiffs should pay the fee of the stenographer for taking and transcribing the testimony heard before him, which was necessary to enable him to report the matter to the court. The plaintiffs were required to give a bond to secure the costs at the inception of the trial, and they now take the position that the fees of the stenographer do not have to be paid until the case has been disposed of, and then by the party cast.

Equity Rule 50 (28 USCA § 723) provides: "When deemed necessary by the court or officer taking testimony, a stenographer may be appointed who shall take down testimony in shorthand and, if required, transcribe the same. His fee shall be fixed by the court and taxed ultimately as costs. The expense of taking a deposition, or the cost of a transcript, shall be advanced by the party calling the witness or ordering the transcript."

It seems reasonably clear that, when the last sentence of this rule says: "The expense of taking a deposition, or the cost of a transcript, shall be advanced by the party calling the witness or ordering the transcript," it means that, when a deposition is taken out of court, the party requiring it shall advance all of the expense necessary to take and return it into court, and, when testimony has been taken in open court and it is necessary that it be transcribed to enable the court to pass upon the matter, it becomes the duty of the party who is invoking the court's action to order its transcription so that it may be filed for the court's use. The use of the word "transcript" in the rule undoubtedly refers to something other than transcribing a deposition, for "the expense of taking a deposition," as above stated, includes everything necessary to have it returned into court for use in the case. Hence my view is that the transcript referred to can mean only a transcript of the testimony by the stenographer who took it down.

General Order (in bankruptcy) No. 10 (11 USCA § 53) also provides: "Before incurring any expense in publishing or mailing notices, or in travelling, or in procuring the attendance of witnesses, or in perpetuating testimony, the clerk, marshal or referee may require, from the bankrupt or other person in whose behalf the duty is to be performed, indemnity for such expense. Money advanced for this purpose by the bankrupt or other person shall be repaid him out of the estate as part of the cost of administering the same."

If this were a proceeding before the referee, as such, instead of in the capacity of special master, it would be governed by General Order No. X, since the taking of the testimony is a "duty to be performed" in behalf of the plaintiffs seeking to have defendant declared bankrupt. However, it is not a matter coming under his jurisdiction as referee, and I think the case is governed by the provisions of Equity Rule 50 (28 USCA § 723), which is broad enough to authorize the special master to require of the plaintiffs the payment of the stenographer's fee at or before the filing of the transcript of the evidence.